Filed 10/15/24  P. v. Mansfield CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083158 |
| v. | (Super. Ct. No. FSB17954) |
| ROBERT MANSFIELD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Brian McCarville, Judge.

Dismissed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for

Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Robert Mansfield appeals the trial court's postjudgment

order denying his petition for resentencing of his murder conviction (Pen. Code,[1] § 187,

---

[1] Unless otherwise indicated, all future statutory references are to the Penal Code.

1

subd. (a)) under section 1172.6 (formerly § 1170.95).  Appointed counsel has filed a brief

under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),

requesting this court to conduct an independent review of the record.  In addition,

defendant has had an opportunity to file a supplemental brief with this court and has not

done so.  Because defendant's counsel filed a brief raising no issues and defendant was

notified that failure to timely file a supplemental brief may result in the dismissal of the

appeal as abandoned and was given an opportunity to file a personal supplemental brief

but failed to do so, we dismiss the appeal as abandoned.  (*Id*. at pp. 231-232.)

## II.

## BACKGROUND[2]

Between September 21, 1997, and October 3, 1997, defendant, who was 19 years

old at the time, and his coparticipants participated in a series of armed robberies of six

convenience stores.  During one of the robberies, defendant and one of his coparticipants

shot a store clerk, who later died from his injuries.  Defendant bragged to his friend about

his involvement in the crime spree.  (*Mansfield I*, *supra*, E025089.)

On April 13, 1999, a jury convicted defendant of seven counts of robbery (§ 211;

counts 1, 3, 4, 5, 6, 9, & 11), one count of attempted second degree robbery (§§ 664/211;

count 8), three counts of assault with a firearm (§ 245, subd. (a)(2); counts 2, 7, & 12),

---

[2] A summary of the background is taken from this court's nonpublished opinion in defendant's direct appeal, case No. E025089.  (*People v. Mansfield* (Apr. 19, 2000, E025089) [nonpub. opn.] (*Mansfield I*).)  We granted defendant's request to take judicial notice of the record on appeal from his prior direct appeal in case No. E025089.

2

and one count of murder (§ 187, subd. (a); count 10).  As to all counts, the jury found true the allegations that a principal was armed with a firearm (§ 12022, subd. (a)(1)) and that defendant personally used a firearm (§ 12022.5, subd. (a)).  Defendant was sentenced to a total determinate term of 68 years and an indeterminate term of 25 years to life on count 10 for the murder conviction.  Defendant's judgment was affirmed on direct appeal.  (See *Mansfield I*, *supra*, E025089.)

On January 7, 2019, defendant personally filed a petition for resentencing pursuant to former section 1170.95.  The People subsequently filed a motion to strike defendant's petition for resentencing on grounds that the amendments effectuated by Senate Bill No. 1437 were unconstitutional and violated the separation of powers.  (See *People v. Mansfield* (June 18, 2020, E073847) [nonpub. opn.] (*Mansfield II*).)  Following a hearing, the trial court struck defendant's petition for resentencing.  (*Ibid*.)

On June 18, 2020, we reversed the trial court's order striking defendant's petition and remanded the matter for the court to consider the petition on its merits.  (*Mansfield II*, *supra*, E073847.)

Upon remand, on March 11, 2021, the People filed a motion requesting the trial court summarily deny defendant's petition for resentencing.  The People asserted that defendant was ineligible for resentencing relief because he directly aided and abetted the murder, he was a major participant in the robbery, and he acted with reckless disregard for human life.  (See *People v. Mansfield* (Mar. 14, 2022, E077064) [nonpub. opn.] (*Mansfield III*).)

3

On May 7, 2021, the trial court, who also heard the underlying trial, held a hearing on defendant's petition. After hearing testimony from defendant and argument from counsel, the trial court denied defendant's petition. The court found that defendant had not established a prima facie case to warrant further review or an evidentiary hearing because defendant was an active participant who acted with reckless indifference to human life. (*Mansfield III*, *supra*, E077064.) We reversed the order denying relief and remanded the matter for an evidentiary hearing. (*Mansfield III*, *supra*, E077064.)

On December 1, 2023, following an evidentiary hearing on remand, the trial court denied defendant's section 1172.6 petition after reviewing the trial transcripts. The court explained defendant's record of conviction supports a finding beyond a reasonable doubt that defendant was either the actual shooter or was a major participant in the robbery and acted with reckless disregard for human life. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in

4

the record that might arguably support the appeal" (*Anders*, *supra*, at p. 744), counsel raises the issues of whether there was sufficient evidence to support the trial court's finding that defendant remains liable for first degree murder as the actual killer and whether the trial court's finding defendant was a major participant in the robbery who acted with reckless disregard for human life undermined by the given felony murder instruction which allowed for a conviction without finding he had the intent to kill.

We offered defendant an opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal. Nevertheless, defendant has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id*. at p. 232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id*. at p. 229.)

We, however, have discretion to conduct *Wende* review even when it is not required.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and decline to exercise our discretion to independently examine the record.  Accordingly, we dismiss the appeal as abandoned.

## IV.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
       Acting P. J.


FIELDS
       J.